[Civ. No. 55993. Second Dist., Div. Five. Nov. 13, 1979.]

WEST HILLS HOSPITAL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JAMES DUNN, Real Party in Interest.

**COUNSEL**

Home & Clifford, Richard R. Clifford, Schwimmer & Rothenberg and Arthur E. Schwimmer for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**HASTINGS, J.**—This is a proceeding in mandamus which involves interpretation of the statute governing discovery of expert witnesses. (Code Civ. Proc., § 2037 et seq.)

Petitioner is one of three codefendants in a medical malpractice action pending in respondent court. Real party in interest is the plaintiff in that action. Petitioner's two codefendants, Drs. Davis and Brown, served a demand for list of expert witnesses (hereinafter Demand) pursuant to Code of Civil Procedure section 2037.[1] The Demand is addressed: "TO PLAINTIFF, JAMES DUNN, AND TO ROBERT H. BARNHILL, HIS ATTORNEY" but, in addition to serving real party, counsel for Brown and Davis also served a copy of the Demand on counsel for petitioner.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

In response to the Demand, real party served a list of his expert witnesses on all of the defendants. Petitioner did not serve a list of its experts on any party. Real party filed a motion to preclude petitioner from calling any expert witnesses because of petitioner's failure to serve such a list. Petitioner resisted the motion asserting that since the Demand was not addressed to it, it was not obliged to respond, even though the Demand was served upon it, and further asserting that real party lacked standing under the statute to raise the objection.

Respondent granted real party's motion, ruling "that when anyone makes a demand and serves a copy of that on all other parties that the burden goes on all other parties to comply." Petitioner thereupon filed the present petition for writ of mandate.

As respondent's ruling presents a question of first impression of general importance to trial courts and to the legal profession, we issued an alternative writ of mandate for the purpose of setting forth guidelines for future cases. (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180 [23 Cal.Rptr. 375, 373 P.2d 439].)[2]

Section 2037 provides: "(a)   Not later than the 10th day after trial date is selected or 70 days prior to the date set for the commencement of trial, whichever is later, any party may file and serve on any party a demand to exchange lists of expert witnesses. Thereafter, the court may, upon noticed motion and a showing of good cause, permit any party to serve such a demand upon any other party.

"The demand shall include a statement in substantially the following form:

"'You are requested to serve and deposit with the clerk of court a list of expert witnesses in compliance with Section 2037 of the Code of Civil Procedure not later than the date of exchange thereby established. Except as otherwise provided in that article, your failure to do so will constitute a waiver of your right to call unlisted expert witnesses at the trial.'"[3]

---

[2]Real party in interest filed no written return in opposition to the writ, nor did he appear at oral argument before us.

[3]The Demand was in conformity with the form specified in section 2037.

The "date of exchange" referred to in section 2037 is defined in section 2037.1 as being "20 days after the date of service on the demand on the party or 50 days prior to the date set for commencement of the trial, whichever is later."

The manner of exchanging lists is set forth in section 2037.2 which provides, in pertinent part: "(a) Not later than the date of exchange:

"(1)  Each party who served a demand and each party upon whom a demand was served shall deposit with the clerk of the court their list of expert witnessess.

"(2)  A party who served a demand shall serve his list upon each party on whom he served his demand.

"(3)  Each party on whom a demand was served shall serve his list upon the party who served the demand."

Sanctions for failure to comply with section 2037 are specified in section 2037.5 which provides that: ". . . upon objection of a party who has served his list of witnesses in compliance with Section 2037.2, no party required to serve a list of expert witnesses on the objecting party may call an expert witness to testify, except for purposes of impeachment. . . ."

It is clear, in the present case, that Brown and Davis served the Demand for the purpose of discovering real party's expert witnesses. By serving the Demand on real party they created mutual rights and duties between themselves and real party as set forth in the statute. (§§ 2037.2 and 2037.5.) The question before us is whether, by serving an informational copy of the Demand on petitioner, they also created rights and duties as between petitioner and real party.

The discovery statutes are intended to safeguard against surprise. (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266].) They are not intended as a trap for the unwary. A prudent attorney desirous of complying with section 2037 et seq. would undoubtedly conclude that the emphasis on the statute was on the demand, that service of the demand was important only in that it effectuated the making of the demand, and that disclosure was required only by the party to whom the demand was addressed. Such an under-

standing of section 2037 et seq. is all the more reasonable because it is entirely consistent with sections 2030 and 2033 which provide for the service of informational copies of interrogatories and requests for admissions, and the responses thereto, on all parties, without creating any duties on the part of the recipients of such informational copies.

■ We conclude that only the party who makes the demand and the party on whom it is made are required to comply with section 2037.2 and not other parties on whom copies of the demand may be served.

Petitioner's second contention regarding real party's standing is also well taken. Section 2037.5 requires first that the party seeking sanctions be in compliance with section 2037.2. Real party had filed his list of experts after the date of exchange (§ 2037.1) and therefore was not, strictly speaking, in compliance with section 2037.2. Furthermore, even if petitioner had been required to serve a list of its experts, pursuant to section 2037.2, subdivision (a) (3) the only party on whom it would have been required to serve its list, was the party who served the Demand on it—in other words, petitioner's codefendants, Davis and Brown, and pursuant to section 2037.5, only Davis and Brown would have had standing to object to petitioner's calling its expert witnesses.

Finally, even if the Demand obligated petitioner to furnish its list of experts, the sanction employed was much too severe. (*Cohen* v. *Superior Court* (1976) 63 Cal.App.3d 184, 187 [133 Cal.Rptr. 575].) The respondent court realized that the issue was one of first impression and that its ruling was bound to be "arbitrary." Under the circumstances petitioner should certainly have been given an opportunity to disclose its list of experts, even if the statutory time to do so had passed. Instead the court expressly encouraged and as a practical matter forced petitioner to seek a writ.[4]

Since on remand of this matter to respondent a new trial date will have to be set, and since petitioner has held the benefit of receiving real party's list of experts and has expressed a willingness to disclose its experts if given time to do so, respondent can still exercise its discretion to permit real party to serve a demand for disclosure of experts on petitioner, if real party seeks permission to do so.

---

[4]Had the course we suggest been followed, in all probability appellate review could have awaited appeal, the preferred method of reviewing discovery orders. (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161 [84 Cal.Rptr. 718, 465 P.2d 854].)

Let a peremptory writ of mandate issue directing respondent to vacate that portion of its order of April 10, 1979, granting real party's motion to preclude petitioner from calling expert witnesses in that matter entitled James Dunn, plaintiff, v. American Medicorp et al., defendants,[5] LASC No. NWC 53292, and enter a new and different order denying said motion. The stay order heretofore issued by this court is terminated.

Kaus, P. J., and Stephens, J., concurred.

---

[5]Petitioner was sued as American Medicorp. The difference in names is apparently immaterial to the parties and is not at issue in this proceeding.