[No. F011392. Fifth Dist. June 19, 1990.]

LINDA KENNEDY, Plaintiff and Appellant, v.
MODESTO CITY HOSPITAL et al., Defendants and Respondents.

**COUNSEL**

William J. Cossette for Plaintiff and Appellant.

Dummit, Faber & Brown, Bradley W. Sullivan, Ronald W. Aitken, Anderson, Galloway & Lucchese, Karen A. Sparks, Thomas J. Donnelly, Wilke, Fleury, Hoffelt, Gould & Birney, Scott L. Gassaway and Peter J. Pullen for Defendants and Respondents.

## OPINION

BROWN (G. A.), J.*—Plaintiff in this medical malpractice action appeals from a summary judgment in favor of the defendants, Modesto City Hospital, John Pfeffer, M.D., an obstetrician and gynecologist (ob/gyn) and Marvin White, M.D., an anesthesiologist. The central issue in the case is whether the procedural preclusion of an expert witness's testimony at trial by virtue of alleged noncompliance with the provisions of Code of Civil Procedure section 2034[1] (simultaneous exchange of information covering expert trial witnesses) also renders such testimony inadmissible in a pretrial summary judgment proceeding (§ 437c). We will reverse and hold the trial court erred in ruling the expert testimony offered by the plaintiff inadmissible in the summary judgment proceeding.

### FACTS

On March 4, 1985, defendant Dr. Pfeffer (ob/gyn) performed a dilation and curettage (D&C), laparoscopy and total abdominal hysterectomy on plaintiff Linda Kennedy at defendant Modesto City Hospital. Defendant Marvin White, M.D., was responsible for administering anesthesia during the surgical procedures. Plaintiff alleged defendants negligently treated her in positioning her during the D&C, causing her to sustain paralysis and weakness of her right leg and injury to her right femoral nerve, sapheous nerve and lumbar plexus.

On February 23, 1988, a trial in the matter was calendared for May 16, 1988. On March 18, 1988, on motion of the defendant hospital, the court continued the trial date to July 21, 1988. A demand was made for an exchange of information regarding the parties' expert trial witnesses pursuant to section 2034, subdivision (a). On March 17, defendant hospital served its list of expert witnesses. On March 28, plaintiff and the defendant doctors served their respective lists of expert witnesses. Though the demand for an

---

* Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Because our discussion requires frequent reference to various parts of section 2034 and their interrelationship, we attach a copy of the entire section as an appendix.

exchange of expert witness information is not in the record, the apparent date of exchange was March 28.

Plaintiff listed the names of one general surgeon, one orthopedic surgeon, and two neurologists. An accompanying declaration of plaintiff's counsel established: these doctors were treating doctors after the surgery; counsel had not talked with them; and he intended to subpoena them for trial. Further, the doctors would "testify as to standard of care in positioning the patient in this particular surgery . . . ."

Defendant doctors designated the names of five physicians who would testify as to the standard of care, including, in addition to defendants themselves, an anesthesiologist, Morley Singer, M.D., and an ob/gyn, Dr. Norman Wheeler, M.D.

On April 7, pursuant to section 2034, subdivision (h), plaintiff filed a supplement to her expert witness list to include, in relevant part, an ob/gyn, Ed Smith, M.D. According to an accompanying declaration of plaintiff's counsel, consistent with section 2034, subdivision (f)(2), Dr. Smith would "testify generally as to nerve and back injuries from positioning of patients during surgery in the lithotomy position and generally in surgery and recovery and will testify specifically as to standards of care for proper positioning to avoid injury as to doctors and nurses . . . . " The declaration set forth the other information required by section 2034, subdivision (f)(2). Each of the defendants filed objections to plaintiff's supplement.

Thereafter, defendant doctors filed a motion for summary judgment in which they claimed there was no triable question on the issue of negligence. They relied on the declarations of their designated ob/gyn and anesthesiology experts as supporting proof. Defendant hospital joined in the motion.[2]

In relevant part, defendant doctors alleged as undisputed material facts: their care and treatment of plaintiff met the standard of care applicable to their respective medical specialties in 1985; and the injury allegedly suffered by plaintiff was the type of injury "which ordinarily occurs in the absence of anyone's negligence."

In opposition to the summary judgment motion, plaintiff filed declarations, from first a nondesignated ob/gyn expert, Dr. John Mast, and later her designated ob/gyn expert, Dr. Smith. Relying on a res ipsa loquitur theory and the doctors' declarations, plaintiff claimed there was a triable

---

[2] The trial court twice continued the matter, leading to significant modifications of the motion and the opposition. A chronology of those events, however, is unimportant to the issue before us.

issue as to whether injuries, such as she sustained, ordinarily occurred in the absence of negligence. Defendants objected to both declarations on the ground Dr. Mast had not been designated as an expert witness and Dr. Smith was improperly designated pursuant to section 2034, subdivision (h).

Specifically, based on his familiarity with D&C operations and review of plaintiff's medical records, Dr. Smith in relevant part offered the following medical opinions: "That the nerve injuries reported in the medical records in this case are extremely rare following said operative procedures.

"That such injuries in these surgeries can occur in the absence of negligence.

"That such injuries in these surgeries do not ordinarily occur in the absence of negligence.

"The frequency of these surgeries compared to the rarity of such injuries indicates that something unusual or different was done or happened in the subject surgery on Mrs. Kennedy.

"The positioning of the patient is a joint responsibility of the anesthesiologist, the surgeon and the operating and recovery room nursing staff in such surgery and recovery.

"That the patient, Linda Kennedy, did suffer some type of positioning injury in the subject surgery or in the recovery room or in transit while anesthetized, injury to the nerves involved with the right leg."

On July 13, 1988, the court granted defendants' motion for summary judgment. In its minute order, the court found: "Dr. Smith was not timely named as an expert. Therefore, his declaration in support of opposition to Motion for Summary Judgment cannot be considered. [¶] An expert named under the provisions of Section 2034(h) of the Code of Civil Procedure is one to be called as an expert to express an opinion on a subject to be addressed as [*sic*] a named adverse expert." In its order for entry of summary judgment, the court added: "The court finds Dr. Smith was not timely named as an expert. Therefore, his Declaration in support of opposition to Motion for Summary Judgment cannot be considered.

"A supplemental expert named under the provisions of Section 2034(h) of the Code of Civil Procedure is one to be called as an expert to express an opinion on a subject to be addressed by a named adverse expert."

## DISCUSSION

There is no dispute as to the facts. It is clear the court granted defendant's motion for summary judgment because it excluded consideration of Dr. Mast's and Dr. Smith's declarations. It is equally clear that had it considered these declarations, the court would have properly denied the motion. The court excluded consideration of the declarations, not because of any evidentiary objection under the Evidence Code, but due to the procedural bar posed by section 2034.[3]

Pursuant to section 2034, after an initial trial date is set in a matter, any party may, without leave of court, demand all parties simultaneously exchange information concerning each other's expert trial witnesses. (See § 2034, subd. (a).) The demand shall be made no later than the 10th day after the initial trial date has been set, or 70 days before the trial date, whichever is closer to the trial date. (§ 2034, subd. (b).) The specified date of exchange shall be 50 days before the initial trial date, or 20 days after the demand, whichever is closer to the trial date. (§ 2034, subd. (c).) The section lists the information required to be included in the expert designation and provides for supplementation of the list without leave of court under the conditions specified within 20 days of the exchange date. (§ 2034, subd. (h).)

The section also provides for later designation by leave of court (§ 2034, subd. (k)) or pursuant to a motion to submit tardy information (§ 2034, subd. (l)). The ability to submit later expert information under both of these subdivisions is circumscribed.

Failure to comply with section 2034 will result in the exclusion from evidence at trial of the expert opinion of the person who has not been properly designated under the section (§ 2034, subd. (j)).

---

[3] We seriously doubt the trial judge correctly excluded Dr. Smith's declaration. While it is unnecessary to decide the issue, it bears pointing out plaintiff's initially designated experts were not retained. Under that scenario, section 2034 only required plaintiff to state the expert's name and address. (§ 2034, subds. (a)(2) & (f)(1)(A).) If the experts had been retained, plaintiff would have had to include in an accompanying declaration the information required by section 2034, subdivision (f)(2). By the express terms of section 2034, subdivision (h), if the expert in the initial designation is not retained, a timely supplementary designation may be made of an "expert who will express an opinion on a subject to be covered by an expert designated by an adverse party to the exchange, if the party has not previously *retained* an expert to testify on that subject." (Italics added.) The record shows that plaintiff did not retain Dr. Smith until April 7, a date after the initial exchange. Thus, it appears plaintiff complied with the literal terms of the statute. It also appears after the supplementary designation of Dr. Smith, defendants took his deposition. No prejudice to the defendants appears by reason of plaintiff's designation on April 7, 10 days after the initial exchange.

The question we do not reach is, does the intent and purpose of the statute to engage in a simultaneous change vitiate the express language of the statute? Legislative clarification is desirable.

The question we face is whether such exclusion applies to a summary judgment proceeding. In this regard we have found no cases or treatises discussing the issue nor is the statutory history of any assistance. We write on a clean slate.

■ The cardinal rule in construing a statutory scheme is to discover and give effect to the intent of the Legislature. (§ 1859; *Mercer v. Perez* (1968) 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) We do not view the particular statute in isolation but in the context of the "whole system of law of which it is a part so that all may be harmonized and have effect [citation]." (*Morrison* v. *Unemployment Ins. Appeals Bd.* (1976) 65 Cal.App.3d 245, 250 [134 Cal.Rptr. 916].)

The summary judgment statute (§ 437c) comes into operation when any party contends "the action has no merit or that there is no defense thereto" (§ 437c, subd. (a)). Except as ordered by court, upon good cause shown, a summary judgment motion cannot be made until "after 60 days have elapsed since the general appearance in the action" (§ 437c, subd. (a)), and must be made on 28 days' notice. "[T]he motion shall be heard no later than 30 days before the date of trial . . . . " (§ 437c, subd. (a).) The affidavits or declarations "shall set forth admissible evidence." (§ 437c, subd. (d).)

■ Thus, there does not appear to be any coordination between the summary judgment proceeding in section 437c and the expert witness exchange provisions of section 2034. Indeed, absent an order of the trial court, the window period for making a demand for and exchanging expert witness information under section 2034, which is keyed to the initial trial date, would ordinarily preclude making and determining a motion for summary judgment after the initial and supplementary exchanges have been completed. The summary judgment motion was noticed and heard in this case within this time frame only because the trial judge continued the initial trial date. Normally a summary judgment will be heard and determined before the exchange of expert witness information is completed on evidence determined to be admissible or inadmissible under the Evidence Code. Thus, considering the timing alone, there is no ascertainable intent to make the exclusion of expert testimony applicable to a summary judgment proceeding.

Throughout section 2034, terms such as "trial date," "trial witnesses," "evidence at the trial," "trial of the action," and "testify at trial" are used; this choice of words indicates the drafters had in mind the applicability of its provisions to the actual trial. Some examples will make this clear: "After

the setting of the initial trial date," any party may demand information covering "each other's expert trial witnesses." (§ 2034, subd. (a).)

"Any party may demand a mutual and simultaneous exchange . . . of a list containing the name and address of any natural person . . . whose oral or deposition testimony in the form of an expert opinion any party expects to offer in evidence at the trial." (§ 2034, subd. (a)(1).)

"If any expert designated by a party . . . has been retained . . . for the purpose of forming and expressing an opinion . . . in preparation for the trial of the action . . . . " (§ 2034, subd. (a)(2).)

"Any party may make a demand for an exchange of information concerning expert trial witnesses" no later than a specified time "before that trial date . . . ." (§ 2034, subd. (b).)

"A list . . . of any person whose expert opinion that party expects to offer in evidence at the trial." (§ 2034, subd. (f)(1)(A).)

"A representation that the expert has agreed to testify at the trial." (§ 2034, subd. (f)(2)(C).)

"[I]ncluding any opinion and its basis, that the expert is expected to give at trial." (§ 2034, subd. (f)(2)(D).)

Very telling is the express language of the exclusionary provision contained in section 2034, subdivision (j). It states in relevant part: " . . . on objection of any party . . . the trial court shall exclude from evidence the expert opinion . . . ."

We infer from these provisions the Legislature had in mind the exclusion of expert testimony offered by noncomplying parties at trial, not at a pretrial proceeding.

Admissibility at trial is not necessarily the same as admissibility at a summary judgment proceeding. For example, a declaration is not admissible at trial, but is expressly made admissible by section 437c in a summary judgment proceeding. So too, evidence made inadmissible at trial by reason of the express procedural bar contained in section 2034, subdivision (j), does not necessarily make the evidence inadmissible in a summary judgment proceeding.

■ The purpose of the summary judgment statute is to eliminate the necessity of trying sham and meritless cases (6 Witkin, Cal. Procedure (3d

ed. 1985) § 274, pp. 573-574), not to stop facially meritorious cases at the summary judgment stage by reason of a procedural bar which at trial may be overcome. ■ Thus, though at the time of the summary judgment motion Dr. Smith's testimony may not have been admissible at trial because there was a technical failure to properly designate under section 2034, subdivisions (a), (f) and (h), there remains the opportunity to make a motion to augment or amend (§ 2034, subd. (k)), or a motion to submit tardy information under section 2034, subdivision (l). While there is a time limit before trial to make these motions, the trial court has the discretion to permit the motion to be made at a later date, even during trial. (1 Hogan, Modern Cal. Discovery (4th ed. 1988) § 10:11, pp. 638-639.) Moreover, on proper motion the trial court could continue the trial date.

Further, the plaintiff, through her properly designated experts or through examination of defendants' experts, may be able to present sufficient evidence to go to the trier of fact. Thus, in addition to the other reasons stated, it would be unfair to permit a procedural bar applicable to the trial, to knock out plaintiff's case at the summary judgment stage. The Legislature could not have intended that result. We hold the trial judge improperly excluded the testimony of both Dr. Mast and Dr. Smith.

The judgment is reversed. Costs to appellant.

Martin, Acting P. J., and Stone (W. A.), J., concurred.

Respondents' petition for review by the Supreme Court was denied September 13, 1990.

APPENDIX

§ 2034. [Exchanges of expert trial witness information] (a) After the setting of the initial trial date for the action, any party may obtain discovery by demanding that all parties simultaneously exchange information concerning each other's expert trial witnesses to the following extent:

(1) Any party may demand a mutual and simultaneous exchange by all parties of a list containing the name and address of any natural person, including one who is a party, whose oral or deposition testimony in the form of an expert opinion any party expects to offer in evidence at the trial.

(2) If any expert designated by a party under paragraph (1) is a party or an employee of a party, or has been retained by a party for the purpose of forming and expressing an opinion in anticipation of the litigation or in preparation for the trial of the action, the designation of that witness shall include or be accompanied by an expert witness declaration under paragraph (2) of subdivision (f).

(3) Any party may also include a demand for the mutual and simultaneous production for inspection and copying of all discoverable reports and writings, if any, made by any expert described in paragraph (2) in the course of preparing that expert's opinion.

This section does not apply to exchanges of lists of experts and valuation data in eminent domain proceedings under Chapter 7 (commencing with Section 1258.010) of Title 7 of Part 3.

(b) Any party may make a demand for an exchange of information concerning expert trial witnesses without leave of court. A party shall make this demand no later than the 10th day after the initial trial date has been set, or 70 days before that trial date, whichever is closer to the trial date.

(c) A demand for an exchange of information concerning expert trial witnesses shall be in writing and shall identify, below the title of the case, the party making the demand. The demand shall state that it is being made under this section.

The demand shall specify the date for the exchange of lists of expert trial witnesses, expert witness declarations, and any demanded production of writings. The specified date of exchange shall be 50 days before the initial trial date, or 20 days after service of the demand, whichever is closer to the trial date, unless the court, on motion and a showing of good cause, orders an earlier or later date of exchange.

(d) The party demanding an exchange of information concerning expert trial witnesses shall serve the demand on all parties who have appeared in the action.

(e) A party who has been served with a demand to exchange information concerning expert trial witnesses may promptly move for a protective order. This motion shall be accompanied by a declaration stating facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion.

The court, for good cause shown, may make any order that justice requires to protect any party from unwarranted annoyance, embarrassment, oppression, or undue burden and expense. The protective order may include, but is not limited to, one or more of the following directions:

(1) That the demand be quashed because it was not timely served.

(2) That the date of exchange be earlier or later than that specified in the demand.

(3) That the exchange be made only on specified terms and conditions.

(4) That the production and exchange of any reports and writings of experts be made at a different place or at a different time than that specified in the demand.

(5) That some or all of the parties be divided into sides on the basis of their identity of interest in the issues in the action, and that the designation of any experts as described in paragraph (2) of subdivision (a) be made by any side so created.

(6) That a party or a side reduce the list of employed or retained experts designated by that party or side under paragraph (2) of subdivision (a).

If the motion for a protective order is denied in whole or in part, the court may order that the parties against whom the motion is brought, provide or permit the discovery against which the protection was sought on those terms and conditions that are just.

The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

(f) All parties who have appeared in the action shall exchange information concerning expert witnesses in writing on or before the date of exchange specified in the demand. The exchange of information may

occur at a meeting of the attorneys for the parties involved or by a mailing on or before the date of exchange.

(1) The exchange of expert witness information shall include either of the following:

(A) A list setting forth the name and address of any person whose expert opinion that party expects to offer inevidence at the trial.

(B) A statement that the party does not presently intend to offer the testimony of any expert witness.

(2) If any witness on the list is an expert as described in paragraph (2) of subdivision (a), the exchange shall also include or be accompanied by an expert witness declaration signed only by the attorney for the party designating the expert, or by that party if that party has no attorney. This declaration shall be under penalty of perjury and shall contain:

(A) A brief narrative statement of the qualifications of each expert.

(B) A brief narrative statement of the general substance of the testimony that the expert is expected to give.

(C) A representation that the expert has agreed to testify at the trial.

(D) A representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial.

(E) A statement of the expert's hourly and daily fee for providing deposition testimony.

(g) If a demand for an exchange of information concerning expert trial witnesses includes a demand for production of reports and writings as described in paragraph (3) of subdivision (a), all parties shall produce and exchange, at the place and on the date specified in the demand, all discoverable reports and writings, if any, made by any designated expert described in paragraph (2) of subdivision (a).

(h) Within 20 days after the exchange described in subdivision (f), any party who engaged in the exchange may submit a supplemental expert witness list containing the name and address of any experts who will express an opinion on a subject to be covered by an expert designated by an adverse party to the exchange, if the party supplementing an expert witness list has not previously retained an expert to testify on that subject. This supplemental list shall be accompanied by an expert witness declaration under paragraph (2) of subdivision (f) concerning those additional experts, and by all discoverable reports and writings, if any, made by those additional experts. The party shall also make those experts available immediately for a deposition under subdivision (i), which deposition may be taken even though the time limit for discovery under Section 2024 has expired.

(i) On receipt of an expert witness list from a party, any other party may take the deposition of any person on the list. The procedures for taking oral and written depositions set forth in Sections 2025, 2026, 2027, and 2028 apply to a deposition of a listed trial expert witness except as follows:

(1) The deposition of any expert described in paragraph (2) of subdivision (a) shall be taken at a place that is within 75 miles of the courthouse where the action is pending. However, on motion for a protective order by the party designating an expert witness, and on a showing of exceptional hardship, the court may order that the deposition be taken at a more distant place from the courthouse.

(2) A party desiring (A) to depose any expert described in paragraph (2) of subdivision (a) except one who is a party or an employee of a party, or (B) to depose any treating physician or other treating health care practitioner who is to be asked to express an opinion during the deposition, shall pay the reasonable and customary hourly or daily fee for the actual time consumed in the examination of that expert by any party attending the deposition. In a worker's compensation case arising under Division 4 (commencing with Section 3201) or Division 4.5 (commencing with Section 6100) of the Labor Code, a party desiring to depose any expert on another party's expert witness list shall pay this fee.

The party taking the deposition shall either accompany the service of the deposition notice with a tender of the expert's fee based on the anticipated length of the deposition or tender that fee at the commencement of the deposition. The expert's fee shall be delivered to the attorney for the party designating the expert. If the deposition of the expert takes longer than anticipated, the party giving notice of the deposition shall pay the balance of the expert's fee within five days of receipt of an itemized statement from the expert. The party designating the expert is responsible for any fee charged by the expert for preparing for the deposition and for traveling to the place of the deposition, as well as for any travel expenses of the expert.

(3) The service of a proper deposition notice accompanied by the tender of the

expert witness fee described in paragraph (2) is effective to require the party employing or retaining the expert to produce the expert for the deposition. If the party noticing the deposition fails to tender the expert's fee under paragraph (2), the expert shall not be deposed at that time unless the parties stipulate otherwise.

(4) If a party desiring to take the deposition of an expert witness under this subdivision deems that the hourly or daily fee of that expert for providing deposition testimony is unreasonable, that party may move for an order setting the compensation of that expert. This motion shall be accompanied by a declaration stating facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion. Notice of this motion shall also be given to the expert.

The court shall set the fee of the expert for providing deposition testimony if it determines that the fee demanded by that expert is unreasonable.

The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to set the expert witness fee, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

(j) Except as provided in subdivisions (k), (l), and (m), on objection of any party who has made a complete and timely compliance with subdivision (f), the trial court shall exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed to do any of the following:

(1) List that witness as an expert under subdivision (f).

(2) Submit an expert witness declaration.

(3) Produce reports and writings of expert witnesses under subdivision (g).

(4) Make that expert available for a deposition under subdivision (i).

(k) On motion of any party who has engaged in a timely exchange of expert witness information, the court may grant leave to (1) augment that party's expert witness list and declaration by adding the name and address of any expert witness whom that party has subsequently retained, or (2) amend that party's expert witness declaration with respect to the general substance of the testimony that an expert previously designated is expected to give. This motion shall be made a sufficient time in advance of the time limit for the completion of discovery under Section 2024 to permit the deposition of any expert to whom the motion relates to be taken within that time

limit. However, under exceptional circumstances, the court may permit the motion to be made at a later time. This motion shall be accompanied by a declaration stating facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion. The demand, and all expert witness lists and declarations exchanged in response to it, shall be lodged with the court when their contents become relevant to an issue in any pending matter in the action. The court shall grant leave to augment or amend an expert witness list or declaration only after taking into account the extent to which the opposing party has relied on the list of expert witnesses, and after determining that any party opposing the motion will not be prejudiced in maintaining that party's action or defense on the merits, and that the moving party either (1) would not in the exercise of reasonable diligence have determined to call that expert witness or have decided to offer the different or additional testimony of that expert witness, or (2) failed to determine to call that expert witness, or to offer the different or additional testimony of that expert witness as a result of mistake, inadvertence, surprise, or excusable neglect, provided that the moving party (1) has sought leave to augment or amend promptly after deciding to call the expert witness or to offer the different or additional testimony, and (2) has promptly thereafter served a copy of the proposed expert witness information concerning the expert or the testimony described in subdivision (f) on all other parties who have appeared in the action. Leave shall be conditioned on the moving party making the expert available immediately for a deposition under subdivision (i), and on such other terms as may be just, including, but not limited to, leave to any party opposing the motion to designate additional expert witnesses or to elicit additional opinions from those previously designated, a continuance of the trial for a reasonable period of time, and the awarding of costs and litigation expenses to any party opposing the motion.

The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to augment or amend expert witness information, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances made the imposition of the sanction unjust.

(l) On motion of any party who has failed to submit expert witness information on the date specified in a demand for that exchange, the court may grant leave to submit that information on a later date. This mo-

tion shall be made a sufficient time in advance of the time limit for the completion of discovery under Section 2024 to permit the deposition of any expert to whom the motion relates to be taken within that time limit. However, under exceptional circumstances, the court may permit the motion to be made at a later time. This motion shall be accompanied by a declaration stating facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion.

The court shall grant leave to submit tardy expert witness information only after taking into account the extent to which the opposing party has relied on the absence of a list of expert witnesses, and determining that any party opposing the motion will not be prejudiced in maintaining that party's action or defense on the merits, and that the moving party (1) failed to submit that information as the result of mistake, inadvertence, surprise, or excusable neglect, (2) sought that leave promptly after learning of the mistake, inadvertence, surprise, or excusable neglect, and (3) has promptly thereafter served a copy of the proposed expert witness information described in subdivision (f) on all other parties who have appeared in the action. This order shall be conditioned on the moving party making that expert available immediately for a deposition under subdivision (i), and on such other terms as may be just, including, but not limited to, leave to any party opposing the motion to designate additional expert witnesses or to elicit additional opinions from those previously designated, a continuance of the trial for a reasonable period of time, and the awarding of costs and litigation expenses to any party opposing the motion.

The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to submit tardy expert witness information, unless it finds that the one subject to the sanction acted with substantialjustification or that other circumstances make the imposition of the sanction unjust.

(m) A party may call as a witness at trial an expert not previously designated by that party if: (1) that expert has been designated by another party and has thereafter been deposed under subdivision (i), or (2) that expert is called as a witness to impeach the testimony of an expert witness offered by any other party at the trial. This impeachment may include testimony to the falsity or nonexistence of any fact used as the foundation for any opinion by any other party's expert witness, but may not include testimony that contradicts the opinion.

(n) The demand for an exchange of information concerning expert trial witnesses, and any expert witness lists and declarations exchanged shall not be filed with the court. The party demanding the exchange shall retain both the original of the demand, with the original proof of service affixed, and the original of all expert witness lists and declarations exchanged in response to the demand until six months after final disposition of the action. At that time, all originals may be destroyed unless the court, on motion of any party and for good cause shown, orders that the originals be preserved for a longer period.