Filed 2/3/16

CERTIFIED FOR PARTIAL PUBLICATION*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WILSON DANTE PERRY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BAKEWELL HAWTHORNE, LLC,<br><br>    Defendant and Respondent. | B264027<br><br>(Los Angeles County<br>Super. Ct. No. BC500198) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gregory Keosian, Judge.  Affirmed.

Howard Posner; Bral & Associates and S. Sean Bral for Plaintiff and Appellant.

Schumann / Rosenberg, Kim Schumann and Jeffrey P. Cunningham for Defendant and Respondent.

_____

*    Part III of this opinion is not certified for publication.  (See Cal. Rules of Court, rule 8.1110.)

Plaintiff and appellant Wilson Dante Perry (plaintiff) appeals from the summary judgment entered in favor of defendant and respondent Bakewell Hawthorne, LLC (defendant) in this personal injury action based on negligence and premises liability. Plaintiff's principal argument on appeal is that the trial court erred by excluding expert witness declarations he submitted in opposition to the summary judgment motion. Plaintiff further argues that defendant had notice of a dangerous condition on the premises.

We conclude that the trial court's exclusion of plaintiff's expert declarations was not an abuse of discretion and that plaintiff failed to raise any triable issue as to notice. We therefore affirm the judgment.

## BACKGROUND

Plaintiff commenced the instant action in January 2013 for injuries he sustained when he fell on an exterior stairway on property owned by defendant and occupied by former defendant JP Morgan Chase Bank, NA (Chase). In the operative first amended complaint, plaintiff alleged that defendant and Chase were negligent in designing, developing, operating, and maintaining the stairway, causing plaintiff to fall and sustain injuries. Trial was initially set to commence on July 14, 2014.

On May 5, 2014, Chase served a demand for exchange of expert witness information pursuant to Code of Civil Procedure section 2034.210.[1] On May 14, 2014, plaintiff served an objection to the demand on the ground that it was untimely. Defendant and Chase exchanged expert witness information on May 26, 2014. Plaintiff did not participate in the exchange and did not designate any expert witnesses.

Defendant thereafter moved for summary judgment on the ground that plaintiff could not satisfy his burden of proving the existence of a dangerous condition at the property or that defendant had knowledge of such a dangerous condition. In support of its motion, defendant submitted a separate statement of undisputed material facts stating

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

that defendant's personnel performed daily inspections of the property that included identifying potentially dangerous conditions, that Chase conducted periodic inspections, and that defendant's insurance carrier conducted regular annual inspections, and that at no time on or prior to January 10, 2013, was any dangerous condition reported to defendant. Defendant's separate statement was in turn supported by declarations and deposition testimony by employees of defendant and of Chase responsible for inspection, maintenance, and repair of the property stating that neither defendant nor Chase had notice, on or before January 10, 2013, of any dangerous condition with regard to the stairway on which plaintiff fell.

In opposition to the summary judgment motion, plaintiff submitted a memorandum of points and authorities in which he argued that the stairway violated applicable provisions of the Los Angeles Building Code. Plaintiff also submitted the declarations of two experts, Brad Avrit and Eris J. Barillas, who opined that the stairway was in a state of disrepair and in violation of the Los Angeles Building Code and applicable industry standards.

Defendant filed evidentiary objections to plaintiff's expert declarations, arguing principally that plaintiff's failure to participate in the exchange of expert witness information and failure to designate any expert witnesses precluded him from using the declarations to oppose summary judgment.

The trial court sustained defendant's evidentiary objections and granted the motion for summary judgment on the ground that plaintiff offered no admissible evidence to dispute the facts that defendant breached no duty of care and had no actual or constructive notice of any dangerous condition.

On February 17, 2015, plaintiff filed an ex parte application for reconsideration of the order granting the motion for summary judgment, or in the alternative, for an order shortening the time for a hearing on the motion for reconsideration. Plaintiff argued that Chase's demand for exchange of expert witness information was untimely, that plaintiff had served a written objection that the demand was untimely, and that defendant lacked standing to object to plaintiff's expert declarations because it had failed to timely comply

3

with section 2034.260. On February 19, 2015, plaintiff obtained an order setting a hearing date of April 23, 2015, for the motion for reconsideration.

On March 11, 2015, defendant filed an ex parte application for entry of judgment on the grounds that plaintiff's counsel at the time, Daniel Wagner, was ineligible to practice law in California as of January 26, 2015, and that the February 19, 2015 order setting a hearing date on plaintiff's motion for reconsideration was illegally obtained and should be stricken. In support of the ex parte application, defendant presented a suspension notice concerning Mr. Wagner from the State Bar of California's website, and email correspondence from Mr. Wagner dated March 9, 2015, acknowledging his suspension and revoking the motion for reconsideration.

In response to defendant's ex parte motion, judgment was entered in defendant's favor on March 11, 2015.

On March 26, 2015, plaintiff filed an ex parte motion for an order granting leave to provide tardy expert witness disclosures pursuant to section 2034.710.[2] The trial court denied the ex parte motion. This appeal followed.

## DISCUSSION

### I. Applicable legal principles and standard of review

Summary judgment is granted when a moving party establishes the right to entry of judgment as a matter of law. (§ 437c, subd. (c).) A defendant moving for summary judgment bears the initial burden of proving that there is no merit to a cause of action by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (§ 437c, subd. (p)(2); *Cucuzza v. City of Santa Clara* (2002) 104 Cal.App.4th 1031, 1037.) Once the defendant has made such a showing, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action.

---

[2] Section 2034.710 authorizes a trial court to allow a party who has failed to submit expert witness information on the date specified in a demand for that exchange leave to submit that information at a later date.

4

(*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Aguilar*).) If the plaintiff does not make such a showing, summary judgment in favor of the defendant is appropriate. In order to obtain a summary judgment, "all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action . . . . [T]he defendant need not himself conclusively negate any such element . . . ." (*Id.* at p. 853.)

We review the trial court's grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348; § 437c, subd. (c).)

Plaintiff's challenge to the summary judgment is premised on the trial court's purportedly erroneous exclusion of expert declarations submitted in opposition to the motion for summary judgment. He contends defendant lacked standing to object to the declarations and that the trial court lacked authority under section 2034.300 to exclude the expert declarations in a summary judgment proceeding. "'[W]hen the exclusion of expert testimony rests on a matter of statutory interpretation, we apply de novo review.' [Citation.]" (*Boston v. Penny Lane Centers, Inc.* (2009) 170 Cal.App.4th 936, 950 (*Penny Lane*).)

"When construing a statutory scheme, our primary guiding principle is to ascertain the intent of the Legislature to effectuate the purpose of the law. [Citation.]" (*Schweitzer v. Westminster Investments, Inc.* (2007) 157 Cal.App.4th 1195, 1204.) "We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.

[Citations.]"  (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

## II.  Exclusion of expert declarations

### A.  Statutory framework

Section 2034.210 provides in relevant part:  "After the setting of the initial trial date for the action, any party may obtain discovery by demanding that all parties simultaneously exchange information concerning each other's expert trial witnesses . . . ." (§ 2034.210.)  A demand for exchange of expert witness information must be in writing, identify the party making the demand, and specify the date of the exchange of expert trial witnesses, expert witness declarations, and any demanded production of writings. (§ 2034.230.)

Section 2034.260, subdivision (a) requires "[a]ll parties who have appeared in the action" to "exchange information concerning expert witnesses in writing on or before the date of exchange" indicated in a demand for exchange of such information.  Subdivision (b) of section 2034.260 states that "[t]he exchange of expert witness information shall include" either "[a] list setting forth the name and address of any person whose expert opinion that party expects to offer in evidence at trial" or "[a] statement that the party does not presently intend to offer the testimony of any expert witness."

Section 2034.300 provides that "on objection of any party who has made a complete and timely compliance with Section 2034.260, the trial court shall exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed to . . . [l]ist that witness as an expert under Section 2034.260." (§ 2034.300, subd. (a).)

### B.  Defendant's standing to object to the expert declarations

Plaintiff contends the trial court erred by sustaining defendant's objections to the expert declarations because defendant did not make the demand for exchange of expert witness information and therefore lacked standing to object.  He cites *West Hills Hospital v. Superior Court* (1979) 98 Cal.App.3d 656 (*West Hills*) as support for this argument.

6

*West Hills* concerned a medical malpractice action against a hospital and two doctors.  The defendant doctors served on the plaintiff a demand to exchange expert witness information that was also directed to the plaintiff.  Although the demand was not directed to the defendant hospital, an informational copy was served on counsel for the hospital.  (*West Hills, supra*, 98 Cal.App.3d at p. 657.)  The hospital did not serve a list of experts on any party, and the plaintiff subsequently moved to preclude the hospital from presenting any expert witnesses at trial.  (*Id.* at p. 658.)

The court in *West Hills* addressed two issues under the statutory scheme then in effect:  (1) who is required to exchange expert witness information, and (2) who has standing to object to a party's expert witness testimony.  With regard to first issue, the court held that "only the party who makes the demand and the party on whom it is made are required to comply with [former] section 2037.2 and not other parties on whom copies of the demand may be served."  (*West Hills, supra*, 98 Cal.App.3d at p. 660.)  This holding does not preclude defendant's challenge to plaintiff's expert declarations, as Chase's demand was directed to and served upon both plaintiff and defendant.  Both were required to participate in the exchange of expert witness information.

With regard to standing to object to expert testimony, the court in *West Hills* held that the objecting party must have complied with its obligation to exchange expert witness information:  "Petitioner's second contention regarding [the plaintiff's] standing is also well taken.  [Former] [s]ection 2037.5 requires first that the party seeking sanctions be in compliance with [former] section 2037.2."  (*West Hills, supra*, 98 Cal.App.3d at p. 660.)  Because the plaintiff had filed his list of experts after the date of the exchange, the court concluded that he was not "strictly speaking," in compliance with [former] section 2037.2 and lacked standing to object to the expert testimony.  (*Ibid.*)  This second holding does not preclude defendant from objecting to plaintiff's expert declarations, as defendant complied with its obligation, under section 2034.300 to have "made a complete and timely compliance with Section 2034.260."  (§ 2034.300.)

The court in *West Hills* then went on, however, to state:  "Furthermore, even if petitioner had been required to serve a list of its experts, pursuant to [former] section

7

2037.2, subdivision (a)(3) the only party on whom it would have been required to serve its list, was the party who served the Demand on it -- in other words, [the defendant doctors], and pursuant to [former] section 2037.5, only [the defendant doctors] would have had standing to object to petitioner's calling its expert witnesses." (*West Hills, supra*, 98 Cal.App.3d at p. 660*.*)  Assuming the foregoing statements constitute an alternate holding rather than dictum, we decline to apply it here.  Under the statutes in effect at the time of the *West Hills* decision, a party served with a demand for exchange of expert witness information was required to serve a list of its expert witnesses only upon the party who served the demand, and not on any other party.  (*Id.* at p. 659.)[3]  The court in *West Hills* applied this limitation in a reciprocal manner, limiting standing to object to another party's expert witnesses to the party serving the demand.  (*Ibid.*)[4]  The current statutory scheme is much broader.  Section 2034.210 provides that "[a]fter the setting of the initial trial date for the action, any party may obtain discovery by demanding that *all parties* simultaneously exchange information concerning each other's expert trial witnesses."  (Italics added.)  Section 2034.300 allows "*any party* who has made a complete and timely compliance with Section 2034.260" to seek to "exclude from evidence the expert opinion of any witness that is offered by *any party* who has unreasonably failed" to participate in an exchange of expert witness information.

---

**3**    Former section 2037.2 provided, in pertinent part:  "(a) Not later than the date of exchange:  [¶] (1) Each party who served a demand and each party upon whom a demand was served shall deposit with the clerk of the court their list of expert witnesses.  [¶] (2) A party who served a demand shall serve his list upon each party on whom he served his demand.  [¶] (3) Each party on whom a demand was served shall serve his list upon the party who served the demand."  (*West Hills, supra*, 98 Cal.App.3d at p. 659, quoting former section 2037.2.)

**4**    Former section 2037.5, which imposed sanctions for failure to comply with a demand for exchange of expert witness information, provided that "upon objection of a party who has served his list of witnesses in compliance with Section 2037.2, no party required to serve a list of expert witnesses on the objecting party may call an expert witness to testify."  (*West Hills, supra*, 98 Cal.App.3d at p. 659, quoting former section 2037.5.)

(§ 2034.300, subd. (a), italics added.) Defendant participated in the exchange of expert witness information and plaintiff did not. Under the current statutory scheme, defendant did not lack standing to object to plaintiff's expert declarations.[5]

### C. The trial court's authority under section 2034.300

#### 1. Unreasonable failure to exchange expert witness information

Section 2034.300 empowers the trial court to exclude the expert opinion of any witness offered by a party who has unreasonably failed to disclose expert witness information. (§ 2034.300, subd. (a).) A trial court's determination under section 2034.300 that a party has unreasonably failed to comply with the statutory requirements for expert witness discovery is reviewed for abuse of discretion. (*Penny Lane, supra*, 170 Cal.App.4th at p. 950.)

By excluding from evidence plaintiff's expert declarations, the trial court in this case implicitly found that plaintiff had unreasonably failed to disclose his expert witnesses. The record supports that finding. It is undisputed that Chase served a demand for exchange of expert witness information, that defendant and Chase participated in the exchange, and that plaintiff did not. Although plaintiff's counsel claimed to have served a written objection to the timeliness of the demand,[6] "'[t]he Legislature did not provide for objections to demands for exchanges of experts.' [Citation.]" (*Cottini v. Enloe Medical Center* (2014) 226 Cal.App.4th 401, 419 (*Cottini*), quoting *Zellerino v Brown* (1991) 235 Cal.App.3d 1097, 1112.) He should instead have filed a motion for a protective order. (*Cottini*, at p. 419.) Having neither sought nor obtained such order, plaintiff was required to "exchange information concerning expert witnesses in writing

---

[5] We do not address plaintiff's argument that Chase, who is not a party to this appeal, lacked standing to object to the expert declarations because Chase's demand for exchange of expert witness information was untimely.

[6] Plaintiff did not raise the timeliness issue in the trial court below until after the motion for summary judgment had been granted. He did so in an ex parte motion for reconsideration of the order granting summary judgment, and that motion was subsequently withdrawn by his counsel.

9

on or before the date of exchange specified in the demand." (§ 2034.260; *Cottini*, at p. 419.) The trial court's determination that plaintiff unreasonably failed to exchange expert witness information was not an abuse of discretion. The court was authorized to exclude plaintiff's expert declarations pursuant to section 2034.300.

## 2. *Kennedy v. Modesto City Hospital* **did not preclude the ruling**

Plaintiff contends section 2034.300 applies only to the exclusion of expert testimony at trial and cannot be used to exclude a declaration submitted in a summary judgment proceeding. He cites the Fifth Appellate District's decision in *Kennedy v. Modesto City Hospital* (1990) 221 Cal.App.3d 575 (*Modesto*) as support for that argument. As we discuss, *Modesto* is factually distinguishable, and the court's holding in that case did not preclude the trial court from excluding the expert declarations as evidence in the summary judgment proceeding in the instant case.

In *Modesto*, the appellate court reviewed a trial court's exclusion of two expert declarations submitted by the plaintiff in opposition to a motion for summary judgment in a medical malpractice action. One declaration was from a doctor the plaintiff never designated as an expert witness, and the other declaration was from a doctor listed in a supplemental, but untimely designation. (*Modesto, supra*, 221 Cal.App.3d at pp. 579-580.)

The court in *Modesto* compared the applicable deadlines for demanding and exchanging expert witness information under former section 2034 with those for filing and determining a motion for summary judgment under section 437c, noting that there appeared to be no coordination between the two statutes. (*Modesto, supra*, 221 Cal.App.3d at p. 581.) The court observed: "Normally a summary judgment will be heard and determined before the exchange of expert witness information is completed." (*Ibid.*)[7] In light of the different statutory deadlines, the court in *Modesto* found "no

---

[7] The summary judgment at issue in *Modesto* had been noticed and heard within the time frame for the parties' expert witness exchange only because the initial trial date had been continued, as it was in the instant case. (*Modesto, supra*, 221 Cal.App.3d at p. 581.)

ascertainable intent to make the exclusion of expert testimony applicable to a summary judgment proceeding." (*Ibid.*)

The *Modesto* court next considered the statutory language itself, noting that "Throughout [former] section 2034, terms such as 'trial date,' 'trial witnesses,' 'evidence at the trial,' 'trial of the action,' and 'testify at trial' are used; this choice of words indicates the drafters had in mind the applicability of its provisions to the actual trial." "We infer from these provisions the Legislature had in mind the exclusion of expert testimony offered by noncomplying parties at trial, not at a pretrial proceeding." (*Modesto, supra*, 221 Cal.App.3d at pp. 581-582.)

The *Modesto* court's analysis notwithstanding, we do not find the lack of coordination between the statutes governing summary judgment and those governing exchange of expert witness information, or the absence of an express legislative intent to apply the exclusionary sanction of section 2034.300 to a summary judgment proceeding, to preclude the trial court's evidentiary ruling in this case. As the court in *Modesto* observed, the issue does not frequently arise because a motion for summary judgment is normally determined before the exchange of expert witness information. (*Modesto, supra*, 221 Cal.App.3d at p. 581.) Given the rarity of circumstances under which the two statutory schemes might intersect, the lack of coordination between them is unsurprising, as is the absence of any express legislative intent to impose such coordination.

The language of section 2034.300 does not limit its application to a trial. Rather, the statute broadly authorizes a trial court to "exclude from *evidence* the expert opinion of any witness that is offered by any party who has unreasonably failed to . . . [m]ake that expert available for a deposition." (§ 2034.300, subd. (d), italics added.) The plain language of the statute encompasses exclusion of an expert opinion from evidence in a summary judgment proceeding.

That the terms "trial date," "trial witnesses," "evidence at the trial," "trial of the action," and "testify at trial" are used elsewhere in the statutory scheme governing expert witness discovery (see, e.g., §§ 2034.210-2034.290) does not persuade us that a trial court's authority under section 2034.300 is limited to excluding an expert opinion from

11

evidence at trial and does not extend to a pretrial proceeding such as summary judgment. Rather, the absence of a specific reference to "evidence at the trial" in section 2034.300 indicates that a trial court's authority to "exclude from evidence" encompasses both pretrial and trial proceedings.

Finally, we decline to apply the *Modesto* court's analysis to the instant case because the factual circumstances here differ substantially from those presented in *Modesto*. The plaintiff in *Modesto* filed an untimely supplemental designation that the court found to be a "technical failure" to comply with former section 2034. That technical failure to comply, the *Modesto* court concluded, could be remedied by a motion to amend or augment the expert designation or by a motion seeking leave to submit a tardy designation.[8] (*Modesto, supra*, 221 Cal.App.3d at p. 583.) The court reasoned that "While there is a time limit before trial to make these motions, the trial court has the discretion to permit the motion to be made at a later date, even during trial. [Citation.]" (*Ibid.*) Here, unlike *Modesto*, plaintiff's conduct was more than a mere "technical failure" to comply with the statutory requirements for exchange of expert witness information. Plaintiff failed to provide any expert witness information or to designate any expert witness. Unlike the plaintiff in *Modesto*, plaintiff in the instant case could not remedy his failure to comply with the statutory requirements. His belated effort to do so after entry of judgment was rejected by the trial court.

We conclude the court's holding in *Modesto* did not preclude the trial court from sustaining defendant's evidentiary objection to plaintiff's expert declarations in the summary judgment proceeding.

---

[8]     Section 2034.610 accords a trial court discretion to grant a party who has engaged in a timely exchange of expert witness information leave to augment or amend that party's expert witness list. As discussed, section 2034.710 authorizes a trial court to allow a party who has failed to submit expert witness information on the date specified in a demand for that exchange leave to submit that information at a later date.

12

### III.  Negligence and premises liability

The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury.  (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917-918.)  The elements of a cause of action for premises liability are the same as those for negligence:  duty, breach, causation, and damages.  (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205 (*Ortega*); see Civ. Code, § 1714, subd. (a).)  In addition, a plaintiff suing for premises liability has the burden of proving that the owner had actual or constructive knowledge of a dangerous condition in time to correct it, or that the owner was "'able by the exercise of ordinary care to discover the condition.'"  (*Ortega, supra*, at p. 1206, quoting *Girvetz v. Boys' Market, Inc.* (1949) 91 Cal.App.2d 827, 829.)

The undisputed evidence in the instant case shows that defendant breached no duty of care and had no knowledge of any claimed dangerous condition of the stairway on which plaintiff fell, despite regular inspections by it, by its insurance carrier, and by Chase.  Plaintiff failed to raise any triable issue of material fact regarding these elements of his negligence and premises liability claims.  Summary judgment was therefore properly granted in defendant's favor.  (*Aguilar, supra*, 25 Cal.4th at p. 849; § 437c, subd. (p)(2).)

### DISPOSITION

The judgment is affirmed.  Defendant is awarded its costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**

_____, J.
CHAVEZ

We concur:

_____, Acting P. J.
ASHMANN-GERST

_____, J.
HOFFSTADT

13