Filed 2/23/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| WILSON DANTE PERRY, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S233096 |
| v. | ) | |
| | ) | Ct.App. 2/2 B264027 |
| BAKEWELL HAWTHORNE, LLC, | ) | |
| | ) | Los Angeles County |
| Defendant and Respondent. | ) | Super. Ct. No. BC500198 |
| _____ | ) | |

After a trial date is set, a party may demand a simultaneous exchange of expert witness information by all parties. (Code Civ. Proc., § 2034.210.)[1] Unreasonable failure to respond makes the noncomplying party's expert opinion inadmissible, unless the court grants relief. (§§ 2034.300, 2034.620, 2034.720.) The question here is whether this exclusionary rule applies at the summary judgment stage. The expert witness disclosure statutes provide no answer. However, section 437c, subdivision (d) requires that affidavits and declarations submitted in summary judgment proceedings "set forth admissible evidence." Therefore, we hold that when the court determines an expert opinion is inadmissible because disclosure requirements were not met, the opinion must be excluded from consideration at summary judgment if an objection is raised.

---

[1] Further statutory references are to the Code of Civil Procedure.

1

Plaintiff Wilson Dante Perry sued Bakewell Hawthorne, LLC and JP Morgan Chase Bank, NA, claiming he was injured in a fall on property owned by Bakewell and leased by Chase. Chase demanded an exchange of expert witness information, but Perry made no disclosure. In response to Bakewell's motion for summary judgment, however, he submitted the declarations of two experts opining that the stairs he fell on were in disrepair and did not comply with building code and industry standards. The trial court sustained Bakewell's objection to the introduction of these declarations because Perry had failed to disclose the experts. Summary judgment was granted. Perry moved for reconsideration, but the motion was never heard because it was discovered that the law license of Perry's counsel had been suspended. After judgment was entered for Bakewell, Perry substituted counsel and unsuccessfully moved for permission to designate his experts.

The Court of Appeal affirmed the judgment in Bakewell's favor.

DISCUSSION

Perry relies on *Kennedy v. Modesto City Hospital* (1990) 221 Cal.App.3d 575 (*Kennedy*). There, the trial court entered summary judgment for the defendants after refusing to consider the declaration of a plaintiff's expert who had not been timely designated. (*Id.* at pp. 578-579.) The Court of Appeal reversed. As we explain, its analysis was flawed.

The *Kennedy* court noted that the timing requirements of the expert witness disclosure statutes and the summary judgment statute are not coordinated. Unless the court orders otherwise, summary judgment motions are not made until 60 days after the opposing party's general appearance, and are heard no later than 30 days before trial. (*Kennedy*, *supra*, 221 Cal.App.3d at p. 581; see § 437c, subd. (a)(1) & (3).) A demand for expert witness information, on the other hand, must be made no later than the 10th day after the initial trial date is set, or 70 days before that trial date, whichever is nearer the date. The exchange must occur 20 days

2

after the demand or 50 days before the initial trial date, whichever is later.  As with summary judgment motions, the court may alter the deadlines on a showing of good cause.  (*Kennedy*, at p. 580; see §§ 2034.220, 2034.230.)[2]

Without a court order, the period for demanding "and exchanging expert witness information . . . , which is keyed to the initial trial date, would ordinarily preclude making and determining a motion for summary judgment after the . . . exchanges have been completed.  The summary judgment motion was noticed and heard in this case within this time frame only because the trial judge continued the initial trial date.[3]  Normally a summary judgment will be heard and determined before the exchange of expert witness information is completed . . . .  Thus, considering the timing alone, there is no ascertainable [legislative] intent to make the exclusion of expert testimony applicable to a summary judgment proceeding."  (*Kennedy*, *supra*, 221 Cal.App.3d at p. 581.)

*Kennedy* emphasized the various references in the expert witness disclosure statutes to " 'expert *trial* witnesses,' " " 'evidence at the *trial*,' " testimony " 'at the *trial*,' " and " 'the *trial* court' " that " 'shall exclude from evidence the expert opinion' " offered by a party who has failed to make the required disclosure.  (*Kennedy*, *supra*, 221 Cal.App.3d at p. 582, italics added; see, e.g., §§ 2034.210, 2034.260, 2034.300.)  "We infer from these provisions the Legislature had in mind the exclusion of expert testimony offered by noncomplying parties at trial, not at a pretrial proceeding.  [¶]  Admissibility at trial is not necessarily the same as admissibility at a summary judgment proceeding.  For example, a declaration is

---

**2**    The statutes have been renumbered since *Kennedy* was decided, but the relevant provisions remain the same.

**3**    In this case the trial date was also continued.  As Perry and an amicus curiae observe, this is not an unusual occurrence.

not admissible at trial, but is expressly made admissible by section 437c in a summary judgment proceeding.  So too, evidence made inadmissible at trial by reason of the express procedural bar [of the disclosure statutes] does not necessarily make the evidence inadmissible in a summary judgment proceeding." (*Kennedy*, at p. 582.)  The court further reasoned that the plaintiff might be able to overcome the bar by seeking leave to amend her disclosure or make a tardy disclosure.  (*Id.* at p. 583; see §§ 2034.610, 2034.710.)

The *Kennedy* court pronounced that it wrote "on a clean slate" because no case law or statutory history bore on the issue at hand.  (*Kennedy*, *supra*, 221 Cal.App.3d at p. 581.)  But the issue had been addressed, albeit briefly, in *Mann v. Cracchiolo* (1985) 38 Cal.3d 18 (*Mann*).  There the plaintiff did not timely designate an expert, and the trial date was continued.  (*Id.* at pp. 26-27.)  In this court the principal issue was the sufficiency of the expert's declaration, but the *Mann* defendants also argued that the declaration had to be disregarded at summary judgment because the expert could not testify at trial.  The *Mann* court noted that under the disclosure statutes, "the court upon such terms as may be just may permit a party to call an expert witness not included in the list of expert witnesses so long as the court finds that the party made a good faith attempt to list expert witnesses, that the party has given notice to the opposing party . . . , and that as of the date of the exchange of lists the party would 'not in the exercise of reasonable diligence have determined to call such witness.'  [Fn. omitted.] Because the trial court might choose to grant relief, the court ruling on the motions

4

for summary judgment could not assume that it would not." (*Id*. at pp. 39-40; see § 2034.620, subd. (c)(1).)[4]

*Mann* did not mention the requirement that "[s]upporting and opposing affidavits or declarations" submitted on a summary judgment motion "shall set forth admissible evidence." (§ 437c, subd. (d).) The *Kennedy* court quoted this provision but did not discuss it. (*Kennedy*, *supra*, 221 Cal.App.3d at p. 581.) The condition that an expert's declaration must set out admissible evidence, however, has determinative importance. Even if all the references to "trial" in the expert witness disclosure statutes are read strictly, including the specification that the "trial court" must exclude the testimony of an undisclosed expert (§ 2034.300), the summary judgment statute still requires the evidence provided in declarations to be *admissible at trial*. (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 761 (*Bozzi*); *Towns v. Davidson* (2007) 147 Cal.App.4th 461, 472; 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 226, pp. 667-668; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶ 10:124 et seq., p. 10-50 et seq.) Declarations themselves are not ordinarily admissible because they are hearsay. But the *Kennedy* court erred when it suggested that the evidence contained in summary judgment declarations need not be admissible at trial. (*Kennedy*, at p. 582.)

Both *Mann* and *Kennedy* reasoned that the appellants before them might have been able to avoid the consequences of their failure to designate an expert. (*Mann*, *supra*, 38 Cal.3d at p. 39; *Kennedy*, *supra*, 221 Cal.App.3d at p. 583.)[5]

---

**4**      *Mann* examined an earlier version of the disclosure statutes than the one before the *Kennedy* court. The differences in the various versions, including those in effect today, do not affect our analysis.

**5**      The Court of Appeal below distinguished *Kennedy* on the ground that there the plaintiff might have been able to remedy her failure to comply with the

*(footnote continued on next page)*

5

Under section 2034.610, the court may permit amendment of an expert witness disclosure, if section 2034.620's conditions stated are met. Similarly, an untimely disclosure may be allowed under section 2034.710 if the statutory conditions are satisfied. (§ 2034.720.) But these remedies are available to a party before summary judgment, and should be invoked as soon as the party discovers the need to submit a declaration by a previously undisclosed expert.[6] Unless the court grants relief, the declaration contains inadmissible evidence, excludable upon objection if the failure to disclose was unreasonable. A court ruling on a summary judgment motion "shall consider all of the evidence set forth in the papers, *except that to which objections have been made and sustained*." (§ 437c, subd. (c), italics added.) Here, the trial court sustained Bakewell's objection to Perry's expert testimony because he unreasonably failed to make the required disclosure.[7]

When *Mann* and *Kennedy* were decided, summary judgment was more disfavored than it is today. The *Mann* court said that "[t]he summary judgment procedure, inasmuch as it denies the right of the adverse party to a trial, is drastic and should be used with caution." (*Mann*, *supra*, 38 Cal.3d at p. 35.) The

---

*(footnote continued from previous page)*

disclosure requirements. The court deemed Perry's failure irremediable because his postjudgment application for relief had been rejected by the trial court.

[6]    If the time limit on submitting opposition to a summary judgment motion (§ 437c, subd. (b)(2)) prevents a party from obtain a ruling on a motion for relief under sections 2034.610 or 2034.710, the party may seek a continuance for that purpose under section 437c, subdivision (h).

[7]    It does not appear that Perry's counsel relied on *Kennedy* or *Mann* in the trial court. They were not cited in the motion for reconsideration that was filed after summary judgment. Counsel has not made the subsequent application for leave to designate experts a part of the record on appeal. Nor is there any indication that counsel ever attempted to persuade the trial court that the failure to disclose Perry's experts had been reasonable.

6

*Kennedy* court commented that "[t]he purpose of the summary judgment statute is to eliminate the necessity of trying sham and meritless cases [citation], not to stop facially meritorious cases at the summary judgment stage by reason of a procedural bar which at trial may be overcome." (*Kennedy*, *supra*, 221 Cal.App.3d at pp. 582-583.) But section 437c was significantly changed when amendments in 1992 and 1993 brought it closer to its federal counterpart, "in order to liberalize the granting of [summary judgment] motions." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 848 (*Aguilar*); see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 10:278, pp. 10-127-128.) Summary judgment is now seen as "a particularly suitable means to test the sufficiency" of the plaintiff's or defendant's case. (*Caldwell v. Paramount Unified School Dist.* (1995) 41 Cal.App.4th 189, 203; accord, *City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1080; see *Aguilar*, at p. 855; *Bozzi*, *supra*, 186 Cal.App.4th at pp. 760-761.)

The results in *Mann* and *Kennedy* reflect the more restrictive approach to summary judgment prevailing when they were decided. Nevertheless, it has always been "[t]he purpose of the law of summary judgment . . . to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar*, *supra*, 25 Cal.4th at p. 843, citing *Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107.) And section 437c has always required the evidence relied on in supporting or opposing papers to be *admissible*. (See *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 528.) The *Mann* and *Kennedy* courts overlooked the significance of this requirement.

We overrule *Mann v. Cracchiolo*, *supra*, 38 Cal.3d 18, to the extent it is inconsistent with this opinion, and disapprove *Kennedy v. Modesto City Hospital*, *supra*, 221 Cal.App.3d 575. A party may not raise a *triable* issue of fact at

7

summary judgment by relying on evidence that will not be admissible at trial. (See § 437c, subd. (c).)  When the time for exchanging expert witness information has expired before a summary judgment motion is made, and a party objects to a declaration from an undisclosed expert, the admissibility of the expert's opinion can and must be determined before the summary judgment motion is resolved.

DISPOSITION

The Court of Appeal's judgment is affirmed.

**CORRIGAN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CHIN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Perry v. Bakewell Hawthorne, LLC

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 244 Cal.App.4th 712
**Rehearing Granted**

_____

**Opinion No.** S233096
**Date Filed:** February 23, 2017

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Gregory Keosian

_____

**Counsel:**

Howard Posner; Bral & Associates and S. Sean Bral for Plaintiff and Appellant.

Schumann | Rosenberg, Kim Schumann and Jeffrey P. Cunningham for Defendant and Respondent.

Horvitz & Levy, Steven S. Fleischman, Joshua C. McDaniel; Gordon & Rees and Don Willenburg for Association of Southern California Defense Counsel and Association of Defense Counsel of Northern California and Nevada as Amici Curiae on behalf of Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Howard Posner
2734 Oakhurst Avenue
Los Angeles , CA  90034
(310) 497-0449

Jeffrey P. Cunningham
Schumann | Rosenberg
3100 Bristol Street, Suite 100
Costa Mesa, CA  92626
(714) 850-0210

Joshua C. McDaniel
Horvitz & Levy
3601 West Olive Avenue, 8th Floor
Burbank, CA  91505-4681
(818) 995-0800