Filed 12/12/25  Miller v. Defirmian CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LANI MILLER,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>JUDITH DEFIRMIAN,<br><br>　　　Defendant and Respondent. | B340309<br><br>(Los Angeles County<br>　Super. Ct. No. 22STCV32356) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lee S. Arian, Judge.  Affirmed.

Peggi A. Gross for Plaintiff and Appellant.

Calendo Puckett Sheedy, Christopher M. Sheedy; Pollak, Vida & Barer, Daniel P. Barer, and Karen M. Stepanyan for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

Plaintiff and appellant Lani Miller filed this action alleging she was the victim of an unprovoked attack by Joanna Davis, the adult daughter of defendant and respondent Judith Defirmian. The attack occurred at a birthday party defendant hosted for Davis at the pool area of the condominium complex where plaintiff and defendant both reside.  In the trial court, defendant successfully moved for summary judgment on plaintiff's cause of action for premises liability.  Plaintiff now appeals, contending there were triable issues on the foreseeability of Davis becoming violent at the party and assaulting third parties.

Based on our independent review of the record, we conclude summary judgment was properly granted in defendant's favor. Plaintiff failed to raise a triable issue of fact that defendant engaged in active misfeasance or was in a special relationship with plaintiff such that defendant owed her a duty to warn of foreseeable criminal acts by third parties.  We therefore affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**1.    The complaint**

Plaintiff brought this action against defendant and Davis alleging claims for premises liability, negligence, negligent and intentional infliction of emotional distress, false imprisonment, assault, and battery.  Defendant was named only in the first cause of action for premises liability.  The remaining causes of action were stated against Davis who is not a party to this appeal.

Plaintiff alleged she and defendant are residents of the same condominium complex in Marina del Rey known as the Marina Strands Colony 2 (Marina Strands).  On July 9, 2022, defendant held a birthday party for Davis at the pool area of the Marina Strands with live music and a bartender serving alcoholic

drinks.  Plaintiff alleged defendant knew Davis was a threat to other residents of the complex like plaintiff because Davis had been "very aggressive" with other residents in the past, had alcohol and anger management issues, and had previously violated rules governing the condominium complex.  Plaintiff alleges it was foreseeable to defendant that her daughter would act out at a party with alcohol.  When plaintiff walked into the pool area during the party, she was "viciously attacked" by Davis, who jumped on plaintiff, forced her to the ground, and bit her three times causing serious injuries.

## 2.    Defendant's motion for summary judgment

Defendant moved for judgment on plaintiff's first cause of action for premises liability, arguing there was no evidence defendant breached any duty owed to plaintiff.  (Code Civ. Proc., § 437c, subds. (o) & (p)(2).)[1]

Defendant presented excerpts from her deposition testimony in support of her motion.  Defendant said she had owned her condominium at the Marina Strands for almost 30 years.  Her adult daughter, Davis, was not a resident of the complex but visited several times a month.  Defendant held parties for her daughter at the Marina Strands in the past without incident.

Prior to the birthday party on July 9, 2022, defendant had never seen plaintiff before and did not know her.  She first noticed plaintiff that day when she saw her videotaping the party guests with her cell phone.  Defendant asked plaintiff to stop but also told her she was welcome to stay and have something to eat.

---

[1]    All further undesignated section references are to the Code of Civil Procedure.

3

Plaintiff told defendant she would videotape whatever she wanted. Defendant testified plaintiff eventually pushed her and that is when the altercation between plaintiff and Davis occurred.

Defendant denied knowing of any prior incidents between her daughter and any resident of the Marina Strands. Defendant also testified Davis did not, to her knowledge, have any problems with drinking alcohol or using drugs, and she never observed Davis acting out after drinking. Defendant said Davis was a very loving daughter and she was not an aggressive person. Defendant was unaware Davis had a restraining order issued against her in 1995.

Defendant also presented excerpts of the deposition of Benjamin Schick, one of the party guests and the president of the Marina Strands homeowners' association. Schick said he was unaware of any prior physical altercations between Davis and any Marina Strands resident, and, as president, he believed he would have been made aware of any such incidents had they occurred. On July 9, 2002, he was having a beer and talking with other guests when the altercation between plaintiff and Davis occurred.

## 3.    Plaintiff's opposition

Plaintiff argued defendant's separate statement was procedurally defective because it stated conclusions of law instead of issues of fact, and that material triable issues existed on defendant's duty to warn and defendant's breach of that duty. In support of her opposition, plaintiff submitted her own declaration, as well as various deposition excerpts and several exhibits.

In her declaration, plaintiff explained she had lived at the Marina Strands for over 10 years and was familiar with the rules

4

for using the pool area of the complex. On July 9, 2022, hearing loud music, she went to the pool area with her dog and saw that a party was ongoing. In addition to the live music, there were bartenders serving alcohol from glass bottles. Plaintiff understood these to be rule violations for the complex, so she took pictures and a short video with her phone. She said Davis confronted her, struck her, and pushed her to the ground. Davis climbed on top of her and bit her three times before being pulled off by another person. Plaintiff said defendant did nothing to stop the attack.

In the excerpt from defendant's deposition, defendant admitted she did not have written permission for the party on July 9, 2022. Defendant described the altercation between her daughter and plaintiff as upsetting. She said plaintiff was the violent one, kicking her daughter repeatedly, pulling out her hair and causing her to bleed. But defendant conceded that Davis was the one who had to be "pulled" off plaintiff by another family member.

Plaintiff also presented excerpts from Davis's deposition in which Davis admitted she had three previous arguments with other residents of the Marina Strands complex. Two involved unnamed neighbors yelling at her about where she parked when she visited her mother and the third occurred when her mother was having some remodeling done at her condominium. Davis testified she told her mother about the incident because the individual was yelling at and harassing her mother's contractors. Davis said she told the individual, who she believed was named Linda, to leave. Davis said on the day of the party, she had a "sip" of wine before the altercation with plaintiff occurred. She otherwise had been drinking water and coffee. She recalled there

was alcohol being served from glass bottles, but that the drinks were poured into plastic cups for the guests. Davis denied kicking plaintiff during the altercation and said she could not recall if she bit her.

Plaintiff also presented copies of court records which she requested the court judicially notice. The records showed Davis had a prior record of driving on a suspended license in 1989, 1991, and 1994, a conviction for petty theft in 1997, and for drinking alcohol on the beach in Malibu in 2000. Additional court records from 1995 showed that Davis and her then boyfriend also had a three-year civil restraining order issued against them for having harassed the ex-girlfriend of Davis's boyfriend.

Plaintiff's evidence also included declarations from two other Marina Strands' residents, Sheri Magid and Rita Montgomery, and from defendant's former husband, Mark Strong. Magid said that several years before the party, she tried to speak with Davis about where she was parking her car when she visited because it was making it difficult for Magid to use the driveway. Magid said Davis cursed at her and "ran after [her]." Montgomery stated that, on an unspecified date, defendant had spoken angrily to her about reporting Davis to the homeowners' association over a parking dispute. Montgomery said she had no idea what defendant was talking about. Strong attested that, while he was still married to defendant, Davis told them that she used drugs. He also said both he and defendant were aware Davis had unspecified anger management issues.

4. **Defendant's reply**

Defendant submitted additional evidence in support of her reply brief, including her own declaration. Defendant said her

divorce from Strong had been "acrimonious" and she denied that Davis ever told her she used drugs, either alone or in Strong's presence. Defendant also denied ever seeing behavior by her daughter that was erratic or hotheaded, and she reaffirmed her prior statement that she was unaware of her daughter ever being in a physical altercation with anyone prior to July 2022. Defendant also filed written objections to plaintiff's evidence.

## 5. The trial court's ruling

The hearing on defendant's motion was held on June 26, 2024. After entertaining argument, the court granted defendant's motion, stating there was no evidence demonstrating defendant had knowledge of prior assaultive behavior by her daughter. The court also issued a written order fully explaining its ruling.

In its written order, the trial court agreed with plaintiff that defendant's separate statement was poorly drafted. However, the court explained the separate statement adequately identified the supporting evidence on the relevant issues, and therefore the court resolved the motion on its merits. The court granted plaintiff's request to take judicial notice of the court records plaintiff submitted as exhibits. With respect to the parties' written objections to evidence, the court overruled "[d]efendant's objection No[s]. 1–5, and 10." The court made no other rulings on evidentiary objections, stating that the parties "did not make any other objections to evidence that were material to the Court's ruling."

The trial court found plaintiff failed to raise triable issues of fact regarding whether defendant had any prior knowledge of Davis having violent altercations with neighbors or prior knowledge of any similar incidents in which Davis physically

7

assaulted anyone. The court also concluded plaintiff failed to raise a material factual dispute as to the foreseeability of any risk associated with hosting the birthday party for Davis.

The granting of the summary judgment motion disposed of all issues as to defendant. Judgment was therefore entered in defendant's favor on July 15, 2024.

This appeal followed.

## DISCUSSION

Plaintiff argues reversal is warranted because the trial court improperly resolved disputed issues of fact and made credibility determinations in ruling on defendant's motion. Plaintiff also contends the evidence demonstrated there were material issues of disputed fact on the foreseeability of Davis becoming violent and assaulting third parties like plaintiff. We disagree.

### 1. Standard of review

"Summary judgment is appropriate where 'all the papers submitted show that there is no triable issue as to any material fact.'" (*Garcia v. D/AQ Corp.* (2020) 57 Cal.App.5th 902, 906; see also § 437c, subd. (c).) We independently review the trial court's decision granting summary judgment, considering all the evidence presented in the moving and opposing papers, except that to which objections were made and sustained. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39; *Garcia*, at p. 907.) The trial court here did not sustain any objection to evidence. We therefore consider all of the evidence presented below in exercising our independent review of the record. (§ 437c, subd. (c) [a court determining whether papers demonstrate triable issue must "consider all of the evidence set forth in the papers, except

8

the evidence to which objections have been made and sustained by the court"]; *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 534.)

## 2. The trial court's written order

We need not resolve whether the trial court improperly made credibility determinations and weighed the evidence in resolving defendant's motion.  We are not bound by the trial court's stated reasons for granting summary judgment. We review the trial's court ruling, not its rationale.  (*AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.* (2018) 28 Cal.App.5th 923, 934; *Moua v. Pittullo, Howington, Barker, Abernathy, LLP* (2014) 228 Cal.App.4th 107, 112.)  As we explain, based on our independent review of the evidentiary record, we conclude summary judgment was properly granted in defendant's favor.

## 3. Plaintiff's opposition fails to raise a triable issue on her premises liability claim against defendant

A defendant is entitled to summary judgment if the defendant demonstrates either that an essential element of the plaintiff's cause of action cannot be established, or that there is a complete defense.  (Code Civ. Proc., § 437c, subds. (o) & (p)(2).) "The elements of a cause of action for premises liability are the same as those for negligence:  duty, breach, causation, and damages."  (*Castellon v. U.S. Bancorp* (2013) 220 Cal.App.4th 994, 998.)  Summary judgment was proper here because of the absence of evidence on the element of duty.

The existence and scope of a duty is a question of law for the court, which makes it " 'particularly amenable to resolution by summary judgment.' "  (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618 (*Regents*).)  As a general rule, each person, including the owner or possessor of land, owes

9

"a duty to act with reasonable care under the circumstances. [Citations.] However, 'one owes no duty to control the conduct of another, nor to warn those endangered by such conduct.' " (*Id.* at p. 619; see also Civ. Code, § 1714, subd. (a).)

If a person engages in misfeasance that increases the peril faced by others, a duty may be imposed. But, " '[a] person who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another unless there is some relationship between them which gives rise to a duty to act.' " (*Regents*, *supra*, 4 Cal.5th at p. 619.)

A special relationship and a duty to warn or protect may be found to exist "if the defendant has a special relationship with the potential victim that gives the victim a right to expect protection. [Citations.] The relationships between common carriers and their passengers, or innkeepers and their guests, are classic examples of this type of special relationship." (*Regents*, *supra*, 4 Cal.5th at pp. 619–620.) Similarly, "[i]t is established that business proprietors such as shopping centers, restaurants, and bars owe a duty to their patrons to maintain their premises in a reasonably safe condition, and that this duty includes an obligation to undertake 'reasonable steps to secure common areas against foreseeable criminal acts of third parties that are likely to occur in the absence of such precautionary measures.' " (*Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 229; accord, *Peterson v. San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 807.)

Plaintiff asserts a special relationship exists here but fails to cite to any authority imposing a duty to protect or warn on a private homeowner under similar factual circumstances. Plaintiff argues imposition of a duty is appropriate because

10

defendant had knowledge of Davis's propensity for violence and acted negligently in hosting a party for Davis that included alcohol. We are not persuaded.

*Melton v. Boustred* (2010) 183 Cal.App.4th 521 (*Melton*) analyzed the duty of a homeowner for injuries sustained at a house party. The defendant there held a party at his home and advertised an open invitation to attend the party on a public social media site. (*Id*. at p. 527.) The party featured live music and alcoholic drinks. (*Ibid*.) Three partygoers were attacked and stabbed by a group of unknown attendees, and they sued the homeowner for damages. The plaintiffs argued the homeowner created an out-of-control and dangerous party atmosphere, failed to limit or screen attendees, and failed to provide any security. (*Id*. at pp. 527, 536–540.)

*Melton* affirmed a judgment of dismissal in favor of the homeowner, holding that no legal duty arose because there were no facts demonstrating misfeasance or a special relationship. (*Melton*, *supra*, 183 Cal.App.4th at p. 533.)

*Melton* explained the homeowner had not engaged in active misfeasance. The violence that harmed the plaintiffs there "was not 'a necessary component' " of the defendant's party. (*Melton*, *supra*, 183 Cal.App.4th at p. 535.) While the party had been widely broadcast and grew into a large party with individuals consuming alcohol, the defendant homeowner took no action to encourage the violent criminal behavior ultimately engaged in by some of the attendees. (*Ibid*.) The defendant "merely invited people—including unknown individuals—to attend a party at his house." (*Ibid*.; see also Civ. Code, § 1714, subd. (b) ["furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication"].)

11

*Melton* also concluded the plaintiff had not alleged facts supporting "the existence of any special relationship recognized by law that would trigger a legal duty on defendant's part to protect them." (*Melton, supra*, 183 Cal.App.4th at p. 536.) In order to impose a duty on a landowner to protect against the criminal conduct of a third party, " 'an extraordinarily high degree of foreseeability is required.' " (*Ibid*.) Furthermore, to establish foreseeability and impose a duty for "third party criminal conduct, our authorities have consistently required *actual* knowledge—not constructive, inferential, or knowledge by association." (*Hanouchian v. Steele* (2020) 51 Cal.App.5th 99, 111.)

Here, plaintiff's evidence does not show defendant created an unreasonable risk of harm, nor does it support imposition of a duty based on a special relationship. At most, plaintiff presented evidence that defendant hosted a small, casual party for her adult daughter at which alcohol was served. Plaintiff presented no evidence Davis had a history, known to defendant, of acting aggressively after drinking alcohol, or of otherwise engaging in physical altercations with others. Plaintiff only presented evidence that Davis had engaged in some verbal altercations with a couple of her mother's neighbors, may have used drugs in the past, and over 25 years ago had suffered some minor convictions and infractions. Nothing in the record demonstrates a physical assault by Davis was reasonably foreseeable to defendant.

Our Supreme Court has explained that summary judgment is no longer considered a disfavored remedy but rather, an effective way to weed out those cases for which trial on the merits is not warranted. (*Perry v. Bakewell Hawthorne, LLC* (2017) 2 Cal.5th 536, 542.) This is one such case.

12

## DISPOSITION

The judgment in favor of defendant and respondent Judith Defirmian is affirmed. Defendant shall recover costs of appeal.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


WILEY, J.

13